hBYRNES, Judge.
Plaintiff, Craig Hebert, appeals a judgment dismissing his claim for personal injuries against the defendants, Nolmar Corporation and its insurer, Reliance Insurance Co. We affirm.
Plaintiff claims that he was injured at approximately 12:45 a.m. through the negligence of Nolmar. According to plaintiff he was riding his bicycle up St. Charles Ave. near Lee Circle when he collided with a cleaning hose that Nolmar had stretched across the street, causing him to be thrown from his bicycle with great force resulting in considerable personal injuries.
This is a classic manifest error case based upon the reasonable credibility calls of the trial judge who had the advantage of observing the demeanor of the witnesses.
As the trial judge stated succinctly in her reasons for judgment:
“Oh what a tangled web we weave when first we practice to deceive.” The plaintiff in this matter is completely unworthy of belief. The Court finds that Mr. Hebert deliberately concealed evidence of his prior injuries, prior medical treatment, prior lawsuits and prior convictions. His lies make the Court unable to believe him in determining if there was an accident at all, if 12the accident was Nolmar’s fault and if any of the injuries claimed were as result of the accident. [Emphasis added.]
The trial judge’s ability to observe plaintiffs demeanor is supported by objective evidence of countless instances in the record where plaintiffs testimony was shown to be unreliable. Plaintiff in his brief acknowledges the validity of many of these credibility problems. Plaintiff admitted on cross examination that he never saw the hose he claims to have hit. Even were we to accept plaintiffs testimony at face value, his testimony does not prove that he struck a hose as alleged.
Plaintiff produced no witnesses to the accident. Plaintiff makes much of a tape recording he says that he made the day after the alleged accident of a conversation with a Nolmar employee who plaintiff claims witnessed the accident. However, our review of plaintiffs version of a transcript of that recording as contained in plaintiffs brief reveals only self-serving statements by the plaintiff. The supposed witness describes no accident.
The medical witnesses called by plaintiff were not witnesses to the accident. They were forced to rely on the version of events furnished them by plaintiff, including inaccurate information regarding prior injuries and medical treatment. We cannot say that the trial court was manifestly erroneous in concluding that plaintiff had failed to prove that his injuries were the result of this alleged accident, assuming for purposes of argument that the accident occurred as alleged by plaintiff. Cf. Rebstock v. Cheramie, 95-1388 (La.App. 1 Cir. 2/23/96); 673 So.2d 618.
[.«¡Being of the opinion that the plaintiff failed to prove his case, defendants called no witnesses. The burden of proof is on the plaintiff. When the plaintiff fails to carry this burden, the defendants are not required to call witnesses or present rebuttal evidence, and the failure of defendants to do so under such circumstances creates no presumptions or inferences adverse to the defendants.
For the foregoing reasons the judgment of the trial court is affirmed.

AFFIRMED.